# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                              Case No. 05-CR-145

**RASHID A. SALAHUDDIN,**
**f/k/a Willie E. Gray,**

      **Defendant.**

## ORDER ON THE DEFENDANT'S REQUEST
## FOR AN EVIDENTIARY HEARING

On June 7, 2005, the grand jury returned a single-count indictment against the defendant, Rashid A. Salahuddin ("Salahuddin"). The indictment charges Salahuddin with possession of firearms, after being convicted of a crime punishable by imprisonment for a term exceeding one year. On September 7, 2005, Salahuddin pled guilty to that offense, and sentencing was scheduled before the Honorable Charles N. Clevert, Jr., for January 5, 2006.

On January 5, 2006, the court granted a motion to adjourn the sentencing so that the parties could address Salahuddin's status under the Armed Career Criminal provisions of 18 U.S.C. § 924(c). The court also granted a motion to withdraw by Salahuddin's counsel and a subsequent motion by Salahuddin to withdraw his guilty plea. Thereafter, Judge Clevert recused himself from all further proceedings, the case was reassigned, and a trial has now been scheduled to commence on May 15, 2006, before Chief Judge Rudolph T. Randa. Currently pending are two motions to suppress that Salahuddin filed on March 31, 2006, and a motion to file instanter.

As grounds for his motion to suppress statements, Salahuddin says that an evidentiary hearing is required to address: (1) whether he was in custody and interrogated on the day his statements were

taken; (2) whether he was provided warnings pursuant to Miranda v. Arizona, 384 U.S. 436, 444 (1966); (3) whether he was interrogated after he invoked his "right to correct"; and (4) whether his statements were voluntarily made. As grounds for his motion to suppress physical evidence, Salahuddin says that an evidentiary hearing is required to address whether Rose Salahuddin consented to a search of the residence located at 7610 W. Thurston Avenue and whether her consent was voluntary.

Criminal Local Rule 12.3 requires counsel for Salahuddin to confer with the counsel for the government and provide a description of the material disputed facts that require an evidentiary hearing. The purpose of the rule is to assure the court that there are material facts in dispute and that an evidentiary hearing is actually warranted. While Salahuddin's attorney sets forth issues believed to be in dispute, no conference was conducted with the Assistant United States Attorney. The government has now filed an objection to the evidentiary hearing request in which it challenges all of the issues raised by Salahuddin, except that the government does not dispute Salahuddin's custody on the day of his statement. As to the other issues raised, the government says that Salahuddin has not established standing to challenge officers' search of the Thurston Avenue residence, that there is no "right to correct," and that Salahuddin fails to proffer facts that would suggest why his statements or Rose Salahuddin's consent were involuntary. In addition, the government says that both of Salahuddin's motions are untimely.

It is well established that defendants are not entitled to the hearings as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

-2-
Case 2:05-cr-00145-LA   Filed 04/05/06   Page 2 of 4   Document 39

From a review of Salahuddin's motion, it appears that there may be some material facts in dispute. In fact, according to the government's response to the evidentiary hearing request, there may be an issue of fact regarding whether Salahuddin was interrogated before officers provided him with <u>Miranda</u> warnings. (Gov. Resp. Br. at 6.). In addition, although the government opposed the evidentiary hearing request by arguing that it is conclusory, and that Salahuddin has not proffered any disputed facts, the government has not provided any undisputed facts that resolve the issues raised in the hearing request. For example, according to a Milwaukee Police Department offense report that the government filed in support of its objection, Rose Salahuddin gave officers consent to search the Thurston Avenue residence and did not withdraw consent until after the firearms specified in the indictment had already been discovered. (Gov. Resp. Ex. A at 5-6.). Although he does not set forth specifics about his position, Salahuddin asserts that Rose Salahuddin did not consent to the search. Thus, her consent may be a disputed issue that requires an evidentiary hearing.

In light of the factual disputes raised by Salahuddin, together with the fact that Salahuddin has new counsel and it appears that some of the delay in this case was incurred because of the uncertainty regarding the applicability of the armed career criminal enhancement, the court finds that it is in the interests of justice to address the motions to suppress, even though they are untimely. The motion to file instanter will be granted.

Although Salahuddin did not comply with Criminal Local Rule 12.3, at least one issue is not disputed by the government – the fact of his custody on the date of his arrest. Conversely, the government does dispute a different issue – whether Salahuddin has standing to challenge the search of the Thurston Avenue residence. Had Salahuddin conducted the required Local Rule 12.3 conference, the parties would have discussed the facts, both disputed and undisputed, and would have identified only those issues that require a hearing. Salahuddin has now filed a reply to the government's objection

indicating, from his perspective, why he has standing to challenge the search of the Thurston Avenue residence. In addition, Salahuddin reasserts that an evidentiary hearing is needed to address Rose Salahuddin's consent and the timing of his statements to law enforcement officials. In that regard, Salahuddin states that his assertion of a "right to correct" should be a "right to counsel," and that the second statement was taken after he invoked this right. In light of this subsequent filing, the court is satisfied that an evidentiary hearing will be required, even though Salahuddin did not comply with Local Rule 12.3. The hearing will address the issues identified by Salahuddin as well as the government's challenge based on Salahuddin's standing.

For the reasons discussed, the court now enters the following order:

**IT IS THEREFORE ORDERED** that Salahuddin's motion to file instanter is granted.

**IT IS FURTHER ORDERED** that Salahuddin's requests for evidentiary hearings to address his motions to suppress are granted. The evidentiary hearing will commence on **May 18, 2006** at **9:30 a.m.** It is the understanding of this court that Judge Randa will continue the trial date pending the resolution of the defendant's motion.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2006.

        BY THE COURT:

        s/AARON E. GOODSTEIN
        United States Magistrate Judge

-4-
Case 2:05-cr-00145-LA   Filed 04/05/06   Page 4 of 4   Document 39