

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

'09 DEC 15 AM 11:30

JON W. SANFILIPPO
CLERK

Copy hand-delivered to chambers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Case No. 05-CR-145

RASHID A. SALAHUDDIN,

    Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Michelle L. Jacobs, United States Attorney for the Eastern District of Wisconsin, and Gordon P. Giampietro, Assistant United States Attorney, and the defendant, Rashid A. Salahuddin, individually and by attorney Nancy Joseph, Associate Federal Defender, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a one-count information, which alleges a violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

3. The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and that charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to count one of the information, which is set forth in complete part below:

## COUNT ONE

*THE UNITED STATES ATTORNEY CHARGES THAT:*

1. On or about June 8, 1996, in the State and Eastern District of Wisconsin,

**RASHID A. SALAHUDDIN,**

in connection with the acquisition of a firearm from K-Mart, a federally licensed firearms dealer, knowingly made a false and fictitious written statement intended and likely to deceive K-Mart, as to a fact material to the lawfulness of the sale of such firearm under the provisions of Chapter 44 of Title 18, United States Code.

2. In particular, in connection with the purchase of the firearm listed in paragraph three below, the defendant falsely answered "no" to question 8(b) on the Firearms Transaction Record (ATF Form 4473) which asked, "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" In truth and in fact, on or about October 2, 1987, the defendant was convicted of armed robbery in Milwaukee County Circuit Court Case No. L-8267.

3. The firearm is described as a Remington, model 870, 20 gauge shotgun, bearing serial number B359976U.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense set forth in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On or about June 8, 1996, the defendant purchased two firearms from two separate K-Mart stores. He purchased a Marlin, model 60 SC, 22 gauge rifle, bearing serial No. 05253777, from a K-Mart store located in Wauwatosa, Wisconsin. He purchased a Remington, model 870, 20 gauge shotgun, bearing serial number B359976U, from a K-Mart store in Brookfield, Wisconsin.

In connection with both purchases, the defendant was required to answer questions on a Firearms Transaction Record (ATF Form 4473), and to certify that the answers he gave were true and correct. Further, by signing the ATF Form 4473, the defendant acknowledged his understanding that "a person who answers 'yes' to any of the above questions is prohibited from purchasing and/or possessing a firearm. . . ." With respect to question 8(a), the defendant answered "no" to the question, "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." His answer to question 8(a) on both forms was false.

In truth, on or about October 2, 1987, the defendant was convicted of three counts of armed robbery in Milwaukee County Circuit Court Case No. L-8267. At the time of his 1987 conviction, the defendant's legal name was Willie Gray. While incarcerated in connection with Case No. L-8267, the defendant legally changed his name to Rashid Abdullah Salahuddin. The defendant was paroled on September 13, 1994, and purchased the two firearms on or about June 8, 2006, using the name Rashid Salahuddin.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which he will enter a plea of guilty, count one, carries a maximum term of ten years imprisonment and a $250,000 fine. Count one also carries a mandatory special assessment of $100 and three years of supervised release.

## DISMISSAL OF INDICTMENT

7. The government agrees to dismiss the indictment at the time of sentencing.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of making a false statement to a licensed firearms dealer as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant knowingly made a false statement to a licensed firearms dealer;
>
> Second, that the false statement was made in acquisition or attempted acquisition of a firearm; and
>
> Third, that the false statement was likely to deceive the firearms dealer as to the lawfulness of the sale of the firearm.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3(a)(2), the sentencing judge may consider relevant conduct in calculating the

sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 20 under Sentencing Guidelines Manual § 2K2.1(a)(4).

## Acceptance of Responsibility

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the

length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

19. Based on the government's dismissal of counts that require imposition of the Armed Career Criminal Act's 180 month mandatory minimum, and as provided in Comment 3 to Sentencing Guidelines Manual § 4A1.2(a)(2), the parties will jointly recommend an upward variance from the advisory guideline range to the statutory maximum of 120 months of incarceration.

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

23. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

## Special Assessment

24. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

25. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government

establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

26. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

27. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

9

28. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

29. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

### Further Civil or Administrative Action

30. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands that if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in

11

connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

36. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

Case 2:05-cr-00145-LA    Filed 12/15/09    Page 12 of 13    Document 133

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 12/14/09

RASHID A. SALAHUDDIN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 12/14/09

NANCY JOSEPH
Attorney for Defendant

For the United States of America:

Date: 12/15/09

MICHELLE L. JACOBS
United States Attorney

Date: 12/15/09

GORDON P. GIAMPIETRO
Assistant United States Attorney

13